USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4-19-16

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

YUSUF ABDUR-RAHMAN,                    :

            Movant,              :

   -against-                                        :

                               :

UNITED STATES OF AMERICA,
                               :
           Respondent.
                               :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

MEMORANDUM & ORDER

14-CV-10061 (WHP)

09-CR-442 (WHP)

WILLIAM H. PAULEY III, United States District Judge:

       Petitioner pro se Yusuf Abdur-Rahman moves for habeas relief pursuant to 28 U.S.C. § 2255. Abdur-Rahman raises numerous grounds for relief, including double jeopardy, lack of due process, trial errors, insufficiency of evidence, and ineffective assistance of counsel. For the following reasons, Abdur-Rahman's petition is denied.

## BACKGROUND

       A four-count indictment charged Abdur-Rahman with executing and attempting to execute a scheme to defraud Medicaid, committing "access device" fraud, acquiring and obtaining controlled substances by misrepresentation and fraud, and aggravated identity theft in relation to health care fraud. United States v. Abdur-Rahman, 708 F.3d 98, 99 (2d Cir. 2013). In March 2009, a jury convicted Abdur-Rahman on all four counts. United States v. Abdur-Rahman, 512 F. App'x 1, 1 (2d Cir. 2013). This Court principally sentenced Abdur-Rahman to a term of 101 months imprisonment. Abdur-Rahman, 708 F.3d at 99. Abdur-Rahman appealed. The Court of Appeals affirmed his conviction on February 15, 2013. Abdur-Rahman, 708 F.3d at 102. This Petition followed.

LEGAL STANDARD

Under § 2255, a petitioner "may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255. "A motion under § 2255 is not a substitute for an appeal." United States v. Munoz, 143 F.3d 632, 637 (2d Cir. 1998). Because collateral challenges conflict with "society's strong interest in the finality of criminal convictions," courts have established a higher bar for defendants "to upset a conviction on a collateral, as opposed to direct, attack." Yick Man Mui v. United States, 614 F.3d 50, 53 (2d. Cir. 2010). Because Abdur-Rahman is proceeding pro se, his submissions are held to "less stringent standards than [those] drafted by lawyers." Bey v. City of White Plains, No. 10-civ-1887, 2011 WL 6019360 at *3 (S.D.N.Y. Nov. 15, 2011) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)). This Court therefore "liberally construes" his pleadings "to raise the strongest arguments they suggest." Bey, 2011 WL 6019360 at *3 (quoting Berlin v. United States, 478 F.3d 489, 491 (2d Cir. 2007)).

DISCUSSION

Abdur-Rahman's 86-page Petition advances ten arguments: five of which he argued on his appeal, and five of which he did not. The Government argues that Abdur-Rahman's claims are precluded. When a § 2255 petitioner presents a collateral challenge, two rules govern the preclusion of certain claims: the "mandate rule," which "bars re-litigation of issues already decided on direct appeal;" and the "exhaustion rule," which "prevents claims that could have been brought on direct appeal from being raised on collateral review." Yick Man Mui, 614 F.3d at 53–54.

I.   The Mandate Rule

The mandate rule applies not only to matters "expressly decided by the appellate court," but also to issues "impliedly resolved by the appellate court's mandate." Yick Man Mui, 614 F.3d at 53.  When determining whether a claim is precluded under the mandate rule, a court "should look to both the specific dictates of the remand order as well as the broader spirit of the mandate." United States v. Ben Zvi, 242 F.3d 89, 95 (2d Cir. 2001).  The mandate rule also applies to ineffective-assistance claims brought under § 2255 when the claim has been raised and rejected on direct appeal.  This applies even when "the factual predicates of those claims, while not explicitly raised on direct appeal, were nonetheless impliedly rejected by the appellate court mandate." Yick Man Mui, 614 F.3d at 53; see also United States v. Pitcher, 559 F.3d 120, 124 (2d Cir. 2009) (rejecting petitioner's Section 2255 ineffective-assistance claims because they were "premised on the same facts and rest on the same legal ground" as the argument made on direct appeal).

In his habeas petition, Abdur-Rahman re-argues five claims from his original post-conviction appeal to the Second Circuit, asserting that: (1) the court lacked subject matter jurisdiction because counts one and four of the indictment "did not contain their jurisdictional element of the offenses"; (2) the evidence presented at trial was insufficient to show Abdur-Rahman defrauded the United States rather than New York; (3) the evidence presented at trial was insufficient to support a conviction for "access device" fraud; (4) Counts 1 and 2 of the indictment violated Abdur-Rahman's Fifth Amendment right against Double Jeopardy; and (5) the jury instructions as to count four were erroneous and violated his Fourteenth Amendment Due Process right.

In affirming the conviction on direct appeal, the Second Circuit considered and summarily rejected Abdur-Rahman's first four arguments. Abdur-Rahman, 512 F. App'x at 4–5.

In an accompanying per curium opinion, the Second Circuit thoroughly analyzed and rejected Abdur-Rahman's argument that the jury instructions were erroneous. Abdur-Rahman, 708 F.3d at 102. Accordingly, the "mandate rule" bars Abdur-Rahman from re-litigating these five claims in his habeas petition. Yick Man Mui, 614 F.3d at 53.

## II.  The Exhaustion Rule

The second rule of preclusion bars non-exhausted claims from being presented in habeas petitions. See Reed v. Farley, 512 U.S. 339, 354 (1994). This exhaustion rule "prevents claims that could have been brought on direct appeal from being raised on collateral review." Yick Man Mui, 614 F.3d at 54. A habeas petitioner may only raise non-exhausted claims if the petitioner establishes either (1) "cause" and "actual prejudice"; or (2) "actual innocence." Bousley v. United States, 523 U.S. 614, 622 (1998). "Actual prejudice" results when a petitioner was denied "fundamental fairness" at trial. Murray v. Carrier, 477 U.S. 478, 494 (1986). To establish "actual prejudice," the habeas petitioner "must show not merely that the errors at . . . trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." Murray, 477 U.S. at 494 (quoting United States v. Frady, 456 U.S. 152, 170 (1982)).

In addition to the claims already decided on direct appeal, Abdur-Rahman alleges for the first time that: (1) he could not legally commit "access device fraud" or theft because he had the Medicaid recipients' consent to use their cards; (2) liability under 18 U.S.C. § 1347 is reserved for health care providers and therefore inapplicable; (3) the indictment was unconstitutionally vague; (4) the district court miscounted his prior criminal convictions, resulting in an increased sentence; and (5) appellate counsel was ineffective for not raising these issues on appeal.

4

A. Cause and Actual Prejudice

Abdur-Rahman offers only one reason to excuse his failure to raise these new arguments on his direct appeal—namely, that his appellate attorneys rendered ineffective assistance because they did not raise them.  However, "[a]ttorney ignorance or inadvertence is not 'cause' because the attorney is the petitioner's agent when acting, or failing to act, in furtherance of the litigation, and the petitioner must 'bear the risk of attorney error.'"  Coleman v. Thompson, 501 U.S. 722, 752 (1991) (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986)).  Failure to raise an issue in a brief rarely constitutes ineffective assistance of counsel under Strickland v. Washington, 466 U.S. 668 (1984).  See Jones v. Barnes, 463 U.S. 74, 752–54 (1983); see also Smith v. Robbins, 528 U.S. 259, 288 (2000) (noting the difficulty of bringing a Strickland claim for counsel's failure to include particular argument in brief).  Courts have recognized that effective attorneys do not raise every conceivable issue on appeal for a variety of strategic reasons.  See e.g., Aparicio v. Artuz, 269 F.3d 78, 99 (2d Cir. 2001) ("counsel was not ineffective for failing to raise [a] meritless argument"); Sellan v. Kuhlman, 261 F.3d 303, 317 (2d Cir. 2001) (holding that it was not unreasonable for a court to conclude that counsel was effective despite failing to raise an argument that "was stronger than appellate counsel believed it to be"); Clark v. Stinson, 214 F.3d 315, 328 (2d Cir. 2000) (holding that counsel was not ineffective for "competently cho[osing] to focus on four arguments . . . that were not clearly and significantly weaker than [omitted arguments].")

Abdur-Rahman's appellate counsel strategically focused the direct appeal on this Court's denial of Abdur-Rahman's motions to proceed pro se.  Counsel focused on this issue because a violation of the right to proceed pro se could result in an automatic reversal of Abdur-

5

Rahman's conviction without a required showing of prejudice under Strickland.[1]  Counsel's strategic decision to focus on one central issue was a judgment call deserving of deference. "Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible." Jones, 463 U.S. at 754.  Appellate procedure—such as page limits and argument time—requires petitioners to hone in on their strongest arguments for relief.  Thus, counsel's choice to focus on the pro se claims does not fall below an objectively reasonable standard of practice.  Moreover, counsel moved successfully to allow Abdur-Rahman to file his own pro se brief addressing nine separate issues.  The Second Circuit ruled on—and rejected—the arguments presented in both briefs.  See Abdur-Rahman, 512 Fed. App'x at 3–4; Abdur-Rahman, 708 F.3d at 101–02.

   Where counsel is competent under Strickland's standard, the existence of cause for bringing an unexhausted claim is dependent on "some objective factor external to the defense [that] impeded counsel's efforts to comply with . . . procedural rule[s]." Murray, 477 U.S. at 488.  Because Abdur-Rahman did not assert any objective external factors excusing his failure to exhaust these claims, he has not demonstrated "cause" as required by the exhaustion rule.  Therefore, his claims are barred unless he can prove actual innocence.

B.  Actual Innocence

   Abdur-Rahman alleges that he is "actually innocent" and therefore is not barred by the exhaustion rule from raising new arguments.  For non-capital cases, "actual innocence" means that the petitioner "in fact [did] not commit[] the crimes on which the calculation or

---

[1] This strategy permeates the appellate brief.  See United States v. Abdur-Rahman, No. 10-cr-4814 (2d Cir.), ECF No. 50 ("Abdur-Rahman Appellate Brief") at 73, 81 ("Since the denial of that right triggers an automatic reversal of a conviction, this Court must reverse Rahman's conviction."); Abdur-Rahman Appellate Brief at 87 ("As for the prejudice prong of the Strickland analysis, Rahman submits that since the Supreme Court has held that the denial of a right of self-representation is not amenable to a harmless error analysis, and therefore leads to an automatic reversal, he should not be required to demonstrate prejudice here.").

imposition of [his] sentence was based." Campos v. Superintendent of Gowanda, No. 11-cv-3619 (WHP), 2013 WL 106017, at *3 (S.D.N.Y. Jan. 7, 2013) (quoting Poindexter, 333 F.3d 372, 380 (2d Cir. 2003) (internal quotations omitted)).  The burden is on the petitioner to establish that "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him."  Bousley, 523 U.S. at 623 (quoting Schlup v. Delo, 513 U.S. 298, 327–28 (1995)) (internal quotations omitted).  Technical legal arguments do not establish "actual innocence" as contemplated in habeas jurisprudence.  Campos, 2013 WL 106017, at *3.

Abdur-Rahman does not claim that he did not "commit[] the crimes on which the calculation or imposition of [his] sentence was based."  Campos, 2013 WL 106017, at *3 (quoting Poindexter v. Nash, 333 F.3d at 380) (internal quotations omitted)).  He also does not deny that he used other persons' identifications to purchase prescription drugs.  Instead, Abdur-Rahman argues that these acts do not satisfy the required elements of the crimes.  This is a legal argument and does not constitute a claim of actual innocence.  See Campos, 2013 WL 106017, at *3.

Abdur-Rahman also argues that this Court erred in its sentencing determination by improperly counting two prior convictions as separate convictions.  In Campos, this Court rejected that "actual innocence" argument.  Like Abdur-Rahman, Campos alleged "that the state court improperly counted two of his prior convictions as separate predicate convictions" in determining his sentence.  Campos, 2013 WL 106017 at *4.  But this is a "technical" argument and not an argument of "actual innocence."  Campos, 2013 WL 106017 at *4 (emphasis added).

As Abdur-Rahman has not made a showing of "actual innocence" his claims are barred by the exhaustion rule.[2]

---

[2] Although Abdur-Rahman's claims are barred, this Court appreciates the thoroughness of his Petition, which thoughtfully grapples with complex issues of statutory interpretation, federalism and Constitutional rights.

7

CONCLUSION

For the foregoing reasons, Abdur-Rahman's petition for a writ of habeas corpus is denied. Because Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not be issued. See 28 U.S.C. § 2253(c). In addition, this Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. See Coppedge v. United States, 369 U.S. 438 (1962).

The Clerk of the Court is directed to terminate all motions and close this case.

Dated: April 19, 2016
       New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.

*Copy by mail to:*

Yusuf A. Rahman
24-30 Beach Channel Drive
Apartment 2
Far Rockaway, NY 11691[3]

*Copy by ECF to all counsel of record.*

---

[3] This address was provided to this Court by Mr. Rahman via telephone on April 18, 2016.